# Lena Bornstein, Defendant in Error, v. Ella Berliner et al., Plaintiffs in Error.

## Gen. No. 16,466.

1. APPEALS AND ERRORS—*theory upon which cause will be reviewed.*
Upon review the theory upon which the cause was tried by the respective
parties will be adopted and such parties will not be permitted to
depart therefrom.

2. EVIDENCE—*when does not tend to vary terms of written instrument.*
Evidence which tends to show transactions had pursuant to a written
instrument is competent and is not subject to the objection that it
tends to vary the terms of a written instrument.

Error to the Municipal Court of Chicago; the HON. OSCAR M.
TORRISON, Judge, presiding. Heard in the Branch Appellate Court at
the October term, 1910. Reversed and remanded. Opinion filed May
23, 1912. Rehearing denied June 6, 1912.

SIMON STRAUS and IRA E. STRAUS, for plaintiffs in
error.

GUERIN, GALLAGHER & BARRETT, for defendant in er-
ror.

MR. JUSTICE MCSURELY delivered the opinion of the
court.

Lena Bornstein, hereinafter called plaintiff, obtained
a judgment for $600 against Ella Berliner and Isaac
Berliner, hereinafter called defendants, in a suit al-
leging breach of covenants of warranty contained in
a warranty deed of a 30 acre farm in Michigan con-
veyed by defendants to plaintiff. We are asked to re-
verse this judgment.

It is conceded that this deed was a conveyance in
fee simple, with full covenants of seisin, good title,
for quiet possession, and free from incumbrances. The
breach alleged is want of title in defendants to a strip
twenty-four feet wide, off the south side of the 30 acres

described in the aforesaid deed. It is also conceded that over four years prior to the date of said deed, the defendants had conveyed said strip to the Kalamazoo and Lake Michigan Railway Company. The deed to the railroad contained certain provisions, as follows:

"The second party" (the railroad) "to put in and maintain two farm crossings at such places as first party may designate, also build a woven wire fence on the north line of said strip of land, no ditch on the north side of the railroad track. The above mentioned strip of land to be used for electric railway purposes."

The railroad never took possession of this strip, but the plaintiff upon receiving her deed entered into possession of all the land described therein, including the strip previously conveyed to the railroad, and was in possession thereof at the time of the trial.

In this court counsel for both sides have argued at length and cited many cases touching the character of the title conveyed by the deed from defendants to the railroad. Counsel for defendants claim that this deed conveyed only an easement and that upon abandonment by the railroad the title reverted to the defendants; while opposing counsel contend that the title conveyed was in fee simple, with possibly a condition subsequent and that title did not revert upon abandonment.

As we view this record, it is not necessary for us to decide this question. It appears that the theory upon which the case was tried was that if defendants could prove abandonment of the strip in question by the railroad the title reverted to the defendants, and hence there was no breach of the covenants of the deed to plaintiff. One of the things confirming this view is an instruction given by the court to the jury, which is as follows:

"If you find from the evidence that the railroad company in question, the Kalamazoo & Lake Michigan

Bornstein v. Berliner, 170 Ill. App. 519.

Railroad, has abandoned the construction of its road and has abandoned its right of way, then the title to the strip in question is in fact vested in the plaintiff, and you may take that fact in consideration, if you find there was an abandonment, in estimating the amount of damages.''

This instruction was not objected to by either party, and both parties evidently were of the opinion that the instruction correctly stated the law and that the matter of abandonment was the main issue in the case, the other issue being the amount of damages.

The only thing, therefore, for this court to pass upon is the question of the proof by the defendants of the alleged abandonment of the strip by the railroad. This question was one for the jury to determine. However, we think the trial court erred in excluding certain material and competent testimony upon this point. A. S. Miller, called on behalf of defendants, was asked concerning a sale of part of the right of way of the Kalamazoo and Lake Michigan Railway Company to the Benton Harbor and St. Joe Railway Company, the witness acting at the time as agent for the latter company. It was sought to show by him that another company had purchased a portion of the right of way of the K. & L. M. Ry. Co., as tending to show an abandonment of the intention by the Kalamazoo Company to construct its railroad upon the right of way in question. It was also sought to show by the same witness statements made by the president of the K. & L. M. Ry. Co. with reference to the use of the right of way. The court sustained objections to this testimony for the reason, as stated by the court, that the contents of any written document could not be shown by parol evidence. We do not understand that defendants were seeking to prove the contents of a written document, but only the fact of transactions touching portions of the right way of the Kalamazoo Company. We believe the defendants were entitled to have the jury

consider such transactions, together with statements of the president of the Kalamazoo Company touching the plans and intentions of this company with reference to its right of way. The rulings of the court in this regard constituted prejudicial error.

As the case must therefore be remanded, we refrain from commenting upon other points suggested in the briefs of counsel.

*Reversed and remanded.*